*Municipal Court of the City of Boston*

No. 373918

**MILTON B. GOODMAN**

v.

**HYMAN KAPLAN**

(June 3, 1954)

*Adlow, C. J.* In this action, the plaintiff, Milton B. Goodman, seeks to recover on ten checks in the amount of $75.00 each, dated November 1, 1953, which checks were made payable to one Israel Jacobs, and which checks were allegedly transferred by him to the plaintiff for value. The defendant denied the signatures on the checks declared upon.

At the trial the payee of the checks, Israel Jacobs, testified that at some time in 1953, the defendant, Hyman Kaplan, gave him certain checks, drawn on the Lincoln National Bank and signed by the said Hyman Kaplan as trustee for certain clients' funds: at the time he received the checks they were not filled in as to date, payee or amount, but about November 2, 1953, he alleged that the defendant authorized him to fill in said checks naming himself as payee, and specifying the amount of $75.00 for each. He testified that he negotiated them for $725.00 to the plaintiff, Milton Goodman. He testified that when they were dishonored at the bank, and he took

them back to the defendant, Hyman Kaplan, the latter destroyed them.

The checks were not offered in evidence. Kaplan denied that he delivered such checks to Jacobs, and he had no idea how Jacobs ever got such checks. The defendant testified that prior to 1950 he was the trustee of a fund in which Israel Jacobs had an interest, but that said account in the Lincoln National Bank was closed in August of 1950. As for the checks declared upon he denied any knowledge of them.

At the close of the evidence the plaintiff filed requests for rulings and particularly requested the court to rule that the defendant did in fact sign the checks. In refusing to so find the court indicated that it accepted the defendant's version of the entire episode. In so finding the court has virtually declared the testimony of Israel Jacobs, so far as it concerns the defendant Kaplan, to be a pure fabrication. If the plaintiff has any rights they are limited to his immediate endorser from whom he received the alleged checks.

*Report Dismissed.*

Milton B. Goodman, for the plaintiff.
Lionel H. Perlo, Max Feld, for the defendant.